USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/10/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAZE D. THOMAS,

          Plaintiff,

v.

JEFF THURSTON,

          Defendant.

No. 18-CV-4007 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Caze D. Thomas, proceeding *pro se*, brings this action against Defendant Jeff Thurston, a superintendent of Plaintiff's former employer, Five Star Electric Corporation. Thomas alleges that, while employed at Five Star Electric, he was subjected to harassment, discrimination, and a hostile work environment because of his sex and sexual orientation. He further alleges that he was wrongfully terminated in retaliation for complaining about the harassment. Before the Court is Thurston's motion to dismiss the Second Amended Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## BACKGROUND

Thomas initiated this action on May 4, 2018, alleging that Defendant Jeff Thurston, along with a second defendant, engaged in a "conspiracy that aimed to violate [Thomas's] civil rights, human rights, and pursuit of happiness," through, among other things, harassing him, discriminating against him, and wrongfully terminating him. Thomas subsequently amended his complaint to remove the second defendant, leaving Thurston as the sole remaining defendant in this action. Thomas alleges that Thurston discriminated against him based on his sex and sexual

orientation, specifically through his involvement in terminating Thomas's employment. He brings claims against Thurston "under any and all laws, writs, standards, statutes, and clauses that may apply," including the Equal Protection Clause of the United States Constitution. Thomas asserts claims against Thurston exclusively under federal law. Dkt. 24.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. "Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).

## DISCUSSION

Although Thomas does not identify the specific federal laws under which his claims arise, a liberal construction of the Complaint suggests that Thomas asserts (1) employment discrimination claims under Title VII of the Civil Rights Act of 1964, and (2) claims under 42 U.S.C. § 1983 for violations of Thomas's constitutional rights. Thurston moves to dismiss the Complaint on the ground that neither cause of action may brought against Thurston, who—as a private individual—may neither be held personally liable under Title VII nor be sued as a state actor under § 1983.

2

The Court agrees. As Thurston correctly notes, "Title VII does not impose liability on individuals." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). In addition, claims under § 1983 may be brought only against persons "acting under color of state law." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015). The Complaint identifies Thurston as an individual employed by Five Star Electric; it contains no factual allegations suggesting that Thurston behaved as a state actor during his alleged involvement in Thomas's termination. Accordingly, the Complaint must be dismissed. *See, e.g., Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 687 (S.D.N.Y. 2012); *Contes v. City of New York*, 99-CV-1597, 1999 WL 500140, at *4 (S.D.N.Y. July 14, 1999).

If Thomas has a good faith basis to amend his Complaint, he may do so no later than 30 days from the date of the filing of this opinion. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and brackets omitted). Thomas is cautioned, however, that if he chooses to amend his complaint but fails to allege facts sufficient to correct the deficiencies identified in this opinion, the action will be dismissed with prejudice and without leave to further re-plead. Thomas is advised that, if he would like to obtain assistance with this case, he may contact the New York Legal Assistance Group ("NYLAG") Legal Clinic for Pro Se Litigants in the Southern District of New York. A flier containing information about the NYLAG clinic is attached to this opinion.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted without prejudice and with leave to amend. If Thomas chooses to file an amended complaint, he must do so no later than July 10, 2019. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 21.

SO ORDERED.

Dated: June 10, 2019
        New York, New York

_____
Ronnie Abrams
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

Thurgood Marshall
United States Courthouse
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
1 p.m. - 5 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
UJA Federation
of New York