USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAZE D. THOMAS,

               Plaintiff,

v.

JEFF THURSTON,

               Defendant.

No. 18-CV-4007 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Caze D. Thomas, proceeding *pro se*, filed this action against Defendant Jeff Thurston, a supervisor at his former employer, Five Star Electric Corporation. On June 10, 2019, this Court granted Thurston's motion to dismiss the Second Amended Complaint, Dkt. 18, pursuant to Federal Rule of Civil Procedure 12(b)(6), but permitted Plaintiff to amend. Now before the Court is Thurston's motion to dismiss the Third Amended Complaint, Dkt. 27, as well as Plaintiff's motion for reconsideration as to the June 10th Order. For the following reasons, Thurston's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND

Plaintiff initiated this action on May 4, 2018, alleging that Defendant Jeff Thurston, along with a second defendant, engaged in a "conspiracy that aimed to violate [Plaintiff's] civil rights, human rights, and pursuit of happiness" by, among other things, harassing him, discriminating against him, and wrongfully terminating him. Dkt. 1 at 5. On January 15, 2019, Plaintiff amended his complaint to remove the second defendant, leaving Thurston as the sole remaining defendant in this action. Dkt. 18 (the "Second Amended Complaint" or "SAC"). Plaintiff alleges that Thurston discriminated against him on the basis of his sex and sexual orientation, specifically

through his involvement in terminating Plaintiff's employment. Plaintiff brings claims against Thurston under "any and all laws, regulations, and statutes that may apply." SAC at 9.

On February 6, 2019, Thurston moved to dismiss the SAC under Rule 12(b)(6). Dkt. 21. On February 21, 2019, Plaintiff filed his opposition, clarifying that he was asserting claims against Thurston exclusively under federal law. Dkt. 24. In an opinion dated June 10, 2019, the Court granted Thurston's motion to dismiss. Dkt. 26 (the "Order"). Noting that Plaintiff had not identified the specific federal laws under which his claims against Thurston arise, the Court construed his complaint liberally and assumed that he intended to assert claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. *See* Order at 2. The Court, however, concluded that Plaintiff could not sustain claims against Thurston under either statute. Specifically, his claims under Title VII failed because Title VII does not impose liability on individuals, and his claims under Section 1983 failed because those claims may be brought only against state actors and the SAC "contain[ed] no factual allegations suggesting that Thurston behaved as a state actor." *Id.* at 3. The Court granted Plaintiff leave to amend so long as he had a good faith basis to do so, and cautioned that if he chooses to amend his complaint but fails to allege facts sufficient to correct the deficiencies identified in the Order, this action would be dismissed with prejudice. *Id.*

On July 10, 2019, Plaintiff timely filed a Third Amended Complaint (the "TAC"). *See* Dkt. 27.[1] That same day, Plaintiff also filed a motion for reconsideration as to the Order. Dkt. 28. In the TAC, Plaintiff asserts that Thurston "committed hate crimes against [him]," engaged in a "conspiracy with the intentions/actions of violating hate crime laws" along with a "conspiracy with the intention to inflict emotionally [sic] distress," causing him "humiliation to the point of triggering dysphoria." TAC at 2.

---

[1] Although the TAC is labeled "2nd Amended Complaint," the Court refers to it as the Third Amended Complaint or TAC in order to avoid confusion with the Second Amended Complaint, Dkt. 18.

On July 25, 2019, Thurston moved to dismiss the TAC. Dkt. 29. Plaintiff filed his opposition on August 7, 2019, Dkt. 32, and on August 14 and 16, 2019, Plaintiff filed additional documents in connection with his opposition. Dkts. 34, 35. On August 9, 2019, Thurston filed a letter indicating that he did not intend to file a reply brief. Dkt. 33.

## DISCUSSION

### I. Thurston's Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)). Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). But even *pro se* litigants must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (citations omitted).

As an initial matter, the TAC is virtually identical to the SAC. Indeed, as Thurston points out, pages 8-39 of the TAC are identical to pages 8-39 of the SAC. Moreover, page 40 of the TAC is the same as page 1 of the SAC, and page 41 of the TAC is the same as page 3 of Plaintiff's motion for reconsideration. Although pages 1 through 7 of the TAC are technically new, they nonetheless fail to adequately allege any facts sufficient to sustain Plaintiff's federal claims against

3

Thurston. Plaintiff also repeatedly writes "see attached" throughout these pages, presumably referring to pages 8 through 41 and the allegations asserted therein.

Like the SAC, the TAC does not identify the specific federal laws under which Plaintiff's claims against Thurston arise. Construing the TAC liberally in light of Plaintiff's *pro se* status, however, he appears to be seeking relief under Title VII, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and/or 18 U.S.C. § 249(a), the federal criminal hate crime statute. As to his claims under Title VII and Section 1983, Plaintiff has not pleaded facts sufficient to cure the deficiencies identified in the Order, and these claims are therefore dismissed for the same reasons previously articulated. *See* Order at 2-3.

Plaintiff's claims under the ADEA, Section 1981, and Section 249(a) must also be dismissed. First, like Title VII, individuals cannot be held liable under the ADEA. *See Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011); *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at *7 (S.D.N.Y. Dec. 19, 2019). Second, Section 1981 does not apply to claims of discrimination based on sex or sexual orientation, as Plaintiff asserts here. *See Dombrowski v. City of New York*, 116 F.3d 465 (2d Cir. 1997) ("[D]iscrimination on the basis of sex . . . is not cognizable under [Section 1981]."); *Guanipa v. Bloomingdale's Dep't Stores*, No. 98 Civ. 5701 LMM, 2000 WL 1772805, at *1 (S.D.N.Y. Nov. 30, 2000) ("Discrimination on the basis of sexual orientation, however, is not prohibited under Section 1981."); *see also Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987) ("A plaintiff states a viable cause of action under Section 1981 . . . only by alleging a deprivation of his rights on account of his race, ancestry, or ethnic characteristics."). Finally, although "[f]ederal law does prohibit the commission of 'hate crimes'" under 18 U.S.C. § 249(a), "this law is a criminal statute that cannot be enforced by a private party in a civil action such as this." *Lorenz v. Managing Dir.*,

*St. Luke's Hosp.*, No. 09 Civ. 8898 (DAB) (JCF), 2010 WL 4922267, at *8 (S.D.N.Y. Nov. 5, 2010), *report and recommendation adopted*, No. 09 Civ. 8898 (DAB), 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010); *see also Pierce v. N.Y. State Police (Troop D Lowville)*, No. 05-CV-1477 (GHL), 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) ("[T]he federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action.") (citations omitted).

In sum, Plaintiff's claims against Thurston under Title VII, the ADEA, Section 1981, Section 1983, and Section 249(a) fail as a matter of law. Thurston's motion to dismiss the TAC is therefore granted.

## II. Plaintiff's Motion for Reconsideration

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To prevail on a motion for reconsideration, the movant must identify "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA), 2019 WL 2174085, at *2 (S.D.N.Y. May 20, 2019) (quoting *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).

Even construing Plaintiff's motion liberally, he does not assert any "intervening change in controlling law," new evidence, or "need to correct a clear error or prevent manifest injustice." Rather, Plaintiff cites a Fordham Law Review article from 1994 regarding liability under Title VII and the ADEA, as well as an unidentified "more recent case" from the Eastern District of Pennsylvania that apparently allowed a Section 1981 race discrimination claim to proceed against an individual. *See* Mot. for Recon., Dkt. 28, at 3. Neither of these authorities persuades the Court to revisit the conclusions in its prior Order. Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Thurston's motion to dismiss the Third Amended Complaint is granted. Because the Court previously warned Plaintiff that his claims would be dismissed with prejudice and without leave to further re-plead if he chose to file an amended complaint, Plaintiff's complaint is now dismissed with prejudice. Furthermore, Plaintiff's motion for reconsideration is denied.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 28 and 29, mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

Dated: March 6, 2020
       New York, New York

Ronnie Abrams
United States District Judge